IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN A. RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 08-CV-6185 |
| ROBERT S. MUELLER, Director of the | ) |
| Federal Bureau of Investigation, | ) Honorable Rebecca R. Pallmeyer |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS COMPLAINT**

Plaintiff Juan A. Rivera submits this Memorandum in support of his request that this Court issue an Order directing the Federal Bureau of Investigation ("FBI") to conduct a "keyboard" comparison search of its DNA databank.

**INTRODUCTION**

This action was commenced on October 28, 2008, when Plaintiff Juan Rivera filed a complaint for injunctive relief. The FBI answered his complaint on December 18, 2008. On the following day, the Court held a status conference. After that conference, the Court entered a minute order directing "[o]n, January 12, 2009, the parties to submit simultaneous memorandum of law in support of [or] in opposition to Plaintiff's request for an order directing a 'keyboard' search of the FBI's DNA databank." (Dkt. No. 21.) The Court suggested that it would rule on Mr. Rivera's complaint promptly after receiving the parties' respective briefs.

On February 9, 2008, the State of Illinois will try Juan Rivera for murder in connection with the 1992 rape and murder of eleven-year old Holly Staker that took place in Waukegan, Illinois. Mr. Rivera has been tried, and convicted, of murdering Ms. Staker twice. In 1998, upon being convicted of murder for the second time, the jury sentenced him to life in prison.

1

In 2005, Mr. Rivera's attorneys conclusively established, through new DNA evidence, that the semen recovered from Ms. Staker's vagina had not been deposited by Mr. Rivera. Based on that evidence, the Presiding Judge of the trial court, sitting in Lake County, Illinois, granted Mr. Rivera a new trial. The only evidence that connects Mr. Rivera to the crimes against Ms. Staker is an inculpatory statement typed by police that he signed after an interrogation that lasted nearly 40 hours. His third trial now looms 28 days out.

The source of the semen found in Ms. Staker has not yet been identified. The Illinois State Police and Wisconsin Department of Justice each conducted a search of their DNA databanks against the DNA profile from the semen, but there was no match. The FBI refuses to conduct a similar search of its DNA databank, which contains DNA profiles provided by all 50 States, despite an order from the Presiding Judge, requested jointly by the prosecutor and Mr. Rivera. That refusal is contrary to the mission of the FBI, which is "***to help protect you, your communities***, and your businesses from the most dangerous threats facing our nation . . . ***from child predators to serial killers***." *See* FBI Mission Statement *at* http://www.fbi.gov/aboutus.htm. It is contrary to reason and law.

## FACTUAL BACKGROUND

After the FBI refused to grant Mr. Rivera's attorneys' request that it search the DNA profile from the semen against its Combined DNA Index System ("CODIS") databank—based on the same technical objections it has raised in its Answer to Mr. Rivera's Complaint in this case—on July 24, 2008, the Presiding Judge issued an order directing the FBI to conduct the search.[1] (Compl., Ex. 5.) The FBI maintained its refusal to conduct the search. (*Id.*, Ex. 6.)

---

[1] The Presiding Judge entered the Stipulated and Agreed Order filed by the Lake County Assistant State's Attorney and Mr. Rivera's attorneys, which stated, "Both the State's Attorney of Lake County and the Defendant's lawyers believe it is in the interests of justice that FBI personnel search the genetic profile

2

The FBI provided the following written explanation for its refusal:

[**First reason**:] Under procedures established by the National DNA Index Systems (NDIS) Board, requests for searches of profiles that are not maintained in the databank, also known as keyboard searches, must be submitted through the appropriate Combined DNA Index System (CODIS) State Administrator. [**Second reason**:] However, even if a request such as yours was forwarded by a CODIS administrator, the FBI would still be unable to honor it. The DNA Identification Act, [42 U.S.C. Section 14131 *et. seq.*,] which established NDIS, requires that the index only include information on DNA analyses that are prepared by laboratories that are accredited and which undergo external audits that demonstrate compliance with the quality assurance standard established by the Director of the Federal Bureau of Investigation. [Citing "Quality Assurance Standards for Forensic DNA Testing Laboratories."] The profile which you are requesting the FBI to search was developed by a laboratory which does not submit to external audits designed to assess compliance with these mandated quality assurance standards.

(*Id.*, Ex. 8) (Bracketed material added.) In its Answer, the FBI has tacitly admitted that its above expressed concern for "quality assurance standards" of the databank does not apply to Mr. Rivera's request for a "keyboard" search. That is because he does not seek to *include* the profile identified from the semen in the FBI's databank, but only to *compare* that profile against those already contained in the databank. (*See* Compl. ¶24(a) & Answer ¶24(a).) Further, the FBI "admit[s] that the process for a keyboard search is not costly or time-consuming." (Answer ¶17.)

### ARGUMENT

I. **JUSTICE DEMANDS THE FBI CONDUCT THE SEARCH AND ITS REFUSAL VIOLATES THE APA.**

The FBI's refusal to conduct the "keyboard" comparison search of the CODIS databank violates Mr. Rivera's constitutional rights, and runs contrary to the federal DNA Act and the interests of justice. The Administrative Procedures Act ("APA") allows an individual to seek judicial review of, and a court to overturn, "agency action" that is "arbitrary, capricious, an abuse

---

described in Exhibit A against CODIS." (Compl., Ex. 7 ¶10.)

3

of discretion, or otherwise not in accordance with the law," 5 U.S.C. § 706(2)(A), or "contrary to constitutional right, power, privilege, or immunity." § 706(2)(B). The APA gives a reviewing court the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Because the FBI's refusal is an agency action that is an abuse of discretion, not in accordance with the law and contrary to Mr. Rivera's rights under the Due Process Clause, this Court should order the FBI to conduct the search pursuant to Section 706 of the APA.

*First*, the FBI's refusal contradicts the purpose of the DNA Identification Act, 42 U.S.C. § 14131, *et. seq.* (the "DNA Act"). Congress passed the DNA Act to assist local law enforcement in solving crimes and to exonerate those wrongfully charged with or convicted of crimes. *See* H.R. Rep. No. 108-711, at 123 (2004). In its 2004 amendments to the DNA Act, Congress acted to increase the ability of States and defendants to use DNA evidence both to solve crimes and to exonerate the wrongfully charged. *See* Justice for All Act of 2004, Pub. L. 108-405, 118 Stat. 2269 (2004); *see also* H.R. Rep. No. 108-711, at 123 (2004) (explaining that the DNA Act was enacted in part because "DNA technology is increasingly vital to ensuring accuracy and fairness in the criminal justice system. DNA can be used to identify criminals with incredible accuracy, and if biological evidence exists . . . DNA can be used to clear suspects and exonerate persons mistakenly accused or convicted of crimes.").

*Second*, the FBI's refusal violates Mr. Rivera's constitutional right of access to the courts under the Due Process Clause by preventing Mr. Rivera from discovering evidence that could fully exonerate him. *See McKithen v. Brown*, 565 F. Supp. 2d 440, 444 (E.D.N.Y. 2008) ([T]he Due Process Clause . . . grants a convicted offender access to physical evidence for the purpose of DNA testing if it can be performed with negligible cost to the state.").

*Third*, justice demands that the FBI run the keyboard comparison search. In refusing to

conduct the search, the FBI is refusing to fulfill its stated mission to protect local communities from child predators and serial killers. *See* FBI Mission Statement *at* www.fbi.gov/aboutus.htm. The FBI's refusal to conduct the search leaves open the possibility that the man who raped and murdered an eleven-year girl continues to roam free in our community. It also allows the possibility that Mr. Rivera again will be convicted based solely on his "confession," even though evidence exists that could exonerate him.

## II. THE REQUESTED SEARCH CANNOT CORRUPT THE CODIS DATABANK.

As explained in the Complaint and above, Mr. Rivera does not seek to include the profile identified from the deposited semen into the FBI's CODIS databank. (Compl. ¶ 24(a).) Instead, he asks that the FBI run a keyboard search to compare that profile *against* the profiles in its databank. (*Id.*) Because the profile will never enter the DNA databank, it poses no threat to the accuracy or integrity of the FBI's databank. *Cf.* 42 U.S.C. § 14132(b) (containing no provision governing the quality assurance standards for DNA profiles that are merely *compared* to, and not *included* in, the index). Therefore, the FBI's suggestion that the search will jeopardize the integrity of CODIS is without basis.

## III. THE FBI's REFUSAL IS INDEFENSIBLE.

The FBI admits that the DNA Act does not prohibit the "keyboard" search Mr. Rivera requests. (Answer ¶ 24.) The FBI also admits that the requested search "is not costly or time-consuming." (Answer ¶ 17.) Moreover, as stated previously, the State prosecutor does not contest the validity of the results excluding Mr. Rivera. Indeed, Illinois State Police forensic scientists have confirmed the finding of Mr. Rivera's expert. The only clear basis the FBI has articulated for its refusal to conduct the search is adherence to an internal, technical procedural rule, which conflicts with the DNA Act, its own mission statement, and the interests of justice.

5

## CONCLUSION

For these reasons Mr. Rivera respectfully requests that the Court grant his motion and issue an Order directing the FBI to run the requested "keyboard" search of its CODIS databank.

Respectfully submitted,

JUAN A. RIVERA

By: <u>     s/Thomas P. Sullivan          </u>
      One of Their Attorneys

Dated: January 12, 2009

| | |
|---|---|
| Jeffrey Urdangen (#3127767) | Thomas P. Sullivan (#2773112) |
| Bluhm Legal Clinic | Andrew W. Vail (#6279951) |
| Northwestern University School of Law | Jenner & Block LLP |
| 357 E. Chicago Avenue | 330 N. Wabash Avenue |
| Chicago, IL 60611 | Chicago, IL 60611 |
| 312-503-7413 | 312-222-9350 |

Attorneys for Plaintiff Juan A. Rivera

## **CERTIFICATE OF SERVICE**

I, Andrew W. Vail, hereby certify that on January 12, 2009, I caused the following document:

- Plaintiff's Memorandum in Support of His Complaint

to be filed with the Clerk of Court and served on counsel of record via the Court's CM/ECF system.


By:   s/ Andrew W. Vail
       Andrew W. Vail